IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEPHEN P. RIOS | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv253 |
| BRYAN COLLIER, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Stephen P. Rios, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against several defendants.

Discussion

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391.

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants resides or in which the claim arose. Plaintiff's claims involve events that occurred at the Lynaugh Unit, which is located in Pecos County, Texas. His claims therefore arose in Pecos County. In addition, the defendants appear to reside in Pecos County.

Pursuant to 28 U.S.C. § 124, Pecos County is located in the Pecos Division of the United States District Court for the Western District of Texas. As a result, venue in the Eastern District of Texas is not proper.

When it is determined venue is not proper, the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). After considering the matter, the court is of the opinion that this matter should be transferred to the Western District of Texas.

ORDER

For the reasons set forth above, it is

**ORDERED** that this lawsuit is **TRANSFERRED** to the Pecos Division of the United States District Court for the Western District of Texas.

**SIGNED this the 12th day of January, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE